**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| ANDREW U.D. STRAW, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 1:22-cv-00463 (UNA) |
| ) | |
| UNITED STATES, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION

Currently before the court is plaintiff's amended complaint, ECF No. 3, and motion for leave to proceed *in forma pauperis* ("IFP"), ECF No. 2. The court notes that plaintiff has filed many matters in this court substantially similar to this one. *See, e.g., Straw v. United States*, No. 22-cv-00118 (UNA) (dismissed March 7, 2022); *Straw v. United States*, No. 22-cv-00104 (UNA) (dismissed Jan. 21, 2022); *Straw v. United States*, No. 21-cv-03079 (UNA) (D.D.C. dismissed Nov. 29, 2021); *Straw v. United States*, No. 20-cv-02849 (UNA) (D.D.C. dismissed Oct. 15, 2020); *Straw v. Harris*, No. 20-cv-01281 (UNA) (D.D.C. dismissed Jun. 16, 2020); *Straw v. United States*, No. 18-cv-01406 (UNA) (D.D.C. dismissed Jul. 17, 2018); *Straw v. United States*, No. 18-cv-01172 (UNA) (D.D.C. dismissed May 31, 2018), *aff'd*, 18-5247 (D.C. Cir. Mar. 6, 2019); *Straw v. Supreme Court*, No. 18-cv-00299 (UNA) (D.D.C. dismissed Mar. 26, 2018), *aff'd*, (D.C. Cir. Oct. 10, 2018). For the reasons explained herein, the court will grant plaintiff's *in forma pauperis* application and dismiss the case pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) as frivolous, and for want of subject matter jurisdiction, *see* Fed. R. Civ. P. 12(h)(3).

Preliminarily, plaintiff has failed to name a defendant. He attempts instead to sue "Judges Act of 1925." Plaintiff cannot sue a piece of legislation.

Moreover, "[a] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A complaint that lacks "an arguable basis either in law or in fact" is frivolous, *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and a "complaint plainly abusive of the judicial process is properly typed malicious," *Crisafi v. Holland*, 655 F.2d 1305, 1309 (D.C. Cir. 1981).   Here, as far as it can be understood, plaintiff takes issue with determinations made and actions taken by the United States Court of Appeals for the Seventh Circuit and the United States Supreme Court.  He seeks to broadly challenge the jurisdiction and authority of the Supreme Court by alleging that his constitutional rights were somehow violated.  At root, he is discontented that the Supreme Court has, on several occasions, denied or otherwise rejected his petitions for writ of certiorari.  He argues that "rejecting litigant filings is constitutional," and believes that he has been denied relief because he is "a liberal Democrat and . . . the large Republican majorities on the 7th Circuit and U.S. Supreme Court[.]"

The court cannot exercise subject matter jurisdiction over a frivolous complaint.  *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974) ("Over the years, this Court has repeatedly held that the federal courts are without power to entertain claims otherwise within their jurisdiction if they are 'so attenuated and unsubstantial as to be absolutely devoid of merit.' ") (quoting *Newburyport Water Co. v. Newburyport*, 193 U.S. 561, 579 (1904)); *Tooley v. Napolitano*, 586 F.3d 1006, 1010 (D.C. Cir. 2009) (examining cases dismissed "for patent insubstantiality," including where the plaintiff allegedly "was subjected to a campaign of surveillance and harassment deriving from uncertain origins.").  A court may dismiss a complaint as frivolous "when the facts alleged rise to the level of the irrational or the wholly incredible," *Denton v. Hernandez*, 504 U.S. 25, 33 (1992),

or "postulat[e] events and circumstances of a wholly fanciful kind," *Crisafi*, 655 F.2d at 1307–08. The instant amended complaint indeed satisfies this standard.

Furthermore, this court lacks subject matter jurisdiction to exercise its authority over the Supreme Court or other federal courts. *See In re Marin*, 956 F.2d 339 (D.C. Cir. 1992); *Panko v. Rodak*, 606 F. 2d 168, 171 n.6 (7th Cir. 1979) ("[I]t it seems axiomatic that a lower court may not order the judges or officers of a higher court to take an action."), *cert. denied*, 444 U.S. 1081 (1980); *United States v. Choi*, 818 F. Supp. 2d 79, 85 (D.D.C. 2011) (stating that federal district courts "generally lack[] appellate jurisdiction over other judicial bodies, and cannot exercise appellate mandamus over other courts") (citing *Lewis v. Green*, 629 F. Supp. 546, 553 (D.D.C. 1986)); *Fleming v. United States*, 847 F. Supp. 170, 172 (D.D.C. 1994) (applying *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983), and *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415–16 (1923)), *aff'd*, No. 94-5079, 1994 WL 474995 (D.C. Cir. 1994), *cert. denied*, 513 U.S. 1150 (1995).

For these reasons, the amended complaint, ECF No. 3, and this case are dismissed without prejudice. A separate order accompanies this memorandum opinion.

Date: March 31, 2022

_____/s/_____
AMIT P. MEHTA
United States District Judge